JOHN L. BURRIS, Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK, Esq., SBN 300212
**Burris, Nisenbaum, Curry & Lacy, LLP**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@bncllaw.com
Ben.Nisenbaum@bncllaw.com
James.Cook@bncllaw.com

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAQUILLE HILLARD, individually; DANYEL EARL LACY, individually; KAYCEE SUITTER, individually; MARCELL LEWIS, individually; GREGORIO YARBOROUGH, individually; QUINCY MASON, individually; TAHJAY MCCULLOUGH, individually, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ANTIOCH, a municipal corporation; TAMMANY BROOKS, individually and in his official capacity as police chief for the CITY OF ANTIOCH; TONY MOREFIELD, individually and in his official capacity as interim police chief for the CITY OF ANTIOCH; STEVEN FORD, individually and in his official capacity as police chief for the CITY OF ANTIOCH; MATTHEW NUTT, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; JOSH EVANS, individually and in his official capacity as a police sergeant for the CITY OF ANTIOCH; ERIC | CASE NO.: 3:23-cv-06573-SK <br><br> **FIRST AMENDED COMPLAINT** <br><br> <u>DEMAND FOR JURY TRIAL</u> |

ROMBOUGH, individually and in his official
capacity as a police officer for the CITY OF
ANTIOCH; MORTEZA AMIRI, individually
and in his official capacity as a police officer for
the CITY OF ANTIOCH; SCOTT DUGGAR,
individually and in his official capacity as a
police officer for the CITY OF ANTIOCH;
JOHN RAMIREZ, individually and in his
official capacity as a police officer for the CITY
OF ANTIOCH; TIMOTHY MANLY
WILLIAMS, individually and in his official
capacity as a police officer for the CITY OF
ANTIOCH; TOM LENDERMAN, individually
and in his official capacity as a police officer for
the CITY OF ANTIOCH; LOREN BLEDSOE,
individually and in his official capacity as a
police sergeant for the CITY OF ANTIOCH;
THOMAS SMITH, individually and in his
official capacity as a police officer for the CITY
OF ANTIOCH; CALVIN PRIETO, individually
and in his official capacity as a police officer for
the CITY OF ANTIOCH; ANDREA
RODRIGUEZ, individually and in her official
capacity as a police officer for the CITY OF
ANTIOCH; JONATHAN ADAMS,
individually and in his official capacity as a
police officer for the CITY OF ANTIOCH;
DEVEN WENGER, individually and in his
official capacity as a police officer for the CITY
OF ANTIOCH; DANIEL HARRIS, individually
and in his official capacity as a police officer for
the CITY OF ANTIOCH; ROBERT GERBER,
individually and in his official capacity as a
police officer for the CITY OF ANTIOCH;
KYLE HILL, individually and in his official
capacity as a police officer for the CITY OF
ANTIOCH; Officer MARCOTT, individually
and in his official capacity as a police officer for
the CITY OF ANTIOCH; ARRON HUGHES,
individually and in his official capacity as a
police officer for the CITY OF ANTIOCH;
RYAN GEIS, individually and in his official
capacity as a police officer for the CITY OF
ANTIOCH; ANTIOCH POLICE
DEPARTMENT OFFICER MOORE,
individually and in his official capacity as a

1
2
3

police officer for the CITY OF ANTIOCH; and
DOES 1-100, inclusive,

               Defendants.

4
5

## **<u>INTRODUCTION</u>**

6
7
8
9
10
11
12
13
14
15

      1.     In the early 2000s, Black and brown people migrated away from east and west Oakland's urban sprawl, blight and oppressive policing. They relocated east to cities such as Tracy, Pittsburg, and Antioch. They sought the imprimatur of authentic citizenship intrinsic in the greenery and rolling hills of those East Bay communities. Instead, these people were subjected to a systematic and intentional effort to repress their existence through discriminatory and violent policing. The victims complained about the conspiracy, spoken or unspoken, of abuse over the years. Their calls for justice and reform went unheard for years and years. On April 11, 2023, local media published certified proof of the depth of many Antioch Police Department Officers' bigotry, racism, willingness to falsify evidence, and their celebration of their own uses of unconstitutional and unreasonable force.

16
17
18
19
20
21
22
23
24
25
26
27
28

      2.     On March 28, 2023, the Office of the District Attorney of Contra Costa County published an investigative report detailing crimes of moral turpitude and criminal offenses committed by sworn law enforcement officers within the City of Antioch Police Department. From 2019-2022, Antioch police officers and sergeants exchanged hundreds of salacious text messages riddled with vile and offensive language about community members. In those text threads, officers bragged about using excessive force and beating arrest subjects so severely that the officers themselves hurt their hands and feet. The District Attorney's report detailed "derogatory, homophobic, and sexually explicit language and photographs shared by members of the Antioch Police Department that demonstrates their racial bias and animus towards African Americans and other people of color in the community." Over a period of at least four years, the Antioch Police Department officers regularly referred to citizens as "niggers," "niggas," "monkeys," "gorillas," "faggots," "water buffalos," "cunts," "pussies," "fat bitches," and more. Officers celebrated the violent targeting of Black community members ("we just ran

down a monkey"; "I'm only stopping them cuz they black [sic]"; "I'll bury that nigger in my fields"; "I can't wait to forty all of them"). Furthermore, officers admitted to serious acts of lying and falsification ("we'll just say he refused to comply"; "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]"). Appallingly, at least 45 officers participated in or were aware of this misconduct and did nothing.

3.      The widespread abuse by large numbers of the Antioch Police Department population, detailed in the investigative report, highlights a pattern and practice of discriminatory law enforcement based on race and gender. Officers engaged in vile derogatory speech, physical mistreatment of community members, and violations of individual civil rights. The abuses in question were the product of a culture of intolerance within the City of Antioch Police Department. This culture is rooted in the deliberate indifference of high ranking City officials, who have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to curtail and prevent it. Despite the repeated and frequent nature of the misconduct and civil rights violations committed by its officers, high ranking City of Antioch officials failed to take any or appropriate remedial action. As a result, officers engaged in repeated and serious acts of misconduct and civil rights violations against citizens living, visiting, and/or traveling in Antioch.

4.      Plaintiffs, all of whom experienced malicious treatment by Antioch Police Department officers during the time frame in which officers exchanged these text messages, recently discovered that the officers treatment of them was based in racial animus, misogyny, homophobia, and other offensive conduct. Plaintiffs have reason to believe that each of their interactions with Antioch Police Department officers constituted numerous civil rights violations. Plaintiffs are informed and believe and thereon allege that said civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, false imprisonment, malicious prosecution, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct.

5.      This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and

1988, and the Fourth Amendment to the United States Constitution. It is alleged that these violations were committed during the course and scope of the above-mentioned law enforcement officers' employment with the aforementioned government agencies and DOES 1-100.

### JURISDICTION AND VENUE

6.      This action arises under Title 42 of the United States Code, §§ 1981, 1983, and 1985. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in California, which is within the judicial district of this Court. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

### PARTIES

7.      Plaintiff SHAQUILLE HILLARD ("HILLARD") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. HILLARD was searched and arrested without provocation or cause in April 2022 by CITY OF ANTIOCH Police Department officers, including but not limited to Defendant Officers HUGHES and AMIRI. HILLARD was illegally searched and charged with gun possession by the same group of CITY OF ANTIOCH Police Department officers, including but not limited to Defendant OFFICERS AMIRI and HUGHES, in multiple incidents between January of 2020 and September of 2022. Officers HUGHES and AMIRI are both key participants in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. AMIRI sent texts to other Antioch officers in which he referred to Black people as "gorillas" and "pussies." He also admitted to serious offenses of falsification, claiming: "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]."

8.      Plaintiff DANYEL EARL LACY ("LACY") has been and is a resident of California and a United States Citizen (is he African-American? This must be stated!). He brings this action on his own behalf. LACY was maliciously targeted, wrongfully searched,

and wrongfully arrested by several CITY OF ANTIOCH police officers including Defendant
Officers ROMBOUGH, MANLY, and HUGHES in April 2022 at 1600 Buchanan Road in
Antioch, CA.  The CITY OF ANTIOCH police officers searched a car that did not belong to
LACY, claimed to find a firearm, and arrested LACY. LACY was charged with illegal
possession of a firearm and spent three months in jail, but all charges were eventually
dismissed in August 2023.

9.     Plaintiff KAYCEE SUITTER ("SUITTER") has been and is a resident of
California and a United States Citizen. She brings this action on her own behalf. On December
19, 2022, Ms. SUITTER was unlawfully held, handcuffed, and searched in a parking garage
while with her boyfriend Amedeo Garcia by CITY OF ANTIOCH police officers including but
not limited to Defendant Officers MARCOTT, THOMAS SMITH, and RODRIGUEZ.  After
the search SUITTER was charged with possession of cocaine with intent to distribute;
possession of fentanyl and methamphetamine; and possession of a firearm, but all charges were
dismissed on December 27, 2022.  Defendant Officers MARCOTT, SMITH, and
RODRIGUEZ are all key participants in the District Attorney's investigation into the
discriminatory text messages sent among Antioch Police Department officers and sergeants.
Defendant Officer SMITH sent text messages to other Antioch officers in which he referred to
Black people as "niggas" and to women as "bitches." Defendant Officer RODRIGUEZ sent
texts agreeing to target Black people for traffic citations, stating that it "will be easy" and "a
good time."

10.     Plaintiff MARCELL LEWIS ("LEWIS") has been and is a resident of
California and a United States Citizen. He brings this action on his own behalf. On November
15, 2020, Mr. LEWIS was unlawfully held, handcuffed, and searched by CITY OF ANTIOCH
police officers including but not limited to Defendant Officers AMIRI.

11.     Plaintiff GREGORIO YARBOROUGH ("YARBOROUGH") has been and is a
resident of California and a United States Citizen. He brings this action on his own behalf. On
August 15, 2023, Antioch Police Officer RYAN GEIS used excessive force when he shot
YARBOROUGH without justification.

1   12. Plaintiff QUINCY MASON ("MASON") has been and is a resident of

2 California and a United States Citizen. He brings this action on his own behalf. In June of

3 2022, Antioch Police Department officers, including Officer ROMBOUGH, assaulted Quincy

4 Mason without justification.

5   13. Plaintiff TAHJAY MCCULLOUGH ("MCCULLOUGH") has been and is a

6 resident of California and a United States Citizen. He brings this action on his own behalf. On

7 November 10, 2020, Antioch Police Department officers, including officers PRIETO,

8 RODRIQUEZ, AMIRI and MOORE, physically assaulted Mr. MCCULLOUGH without

9 justification.

10   14. Defendant CITY OF ANTIOCH ("CITY") is an incorporated public entity duly

11 authorized and existing as such in and under the laws of the State of California; and at all times

12 herein mentioned, Defendant City has possessed the power and authority to adopt policies and

13 prescribe rules, regulations and practices affecting the operation of the CITY OF ANTIOCH

14 Police Department and its tactics, methods, practices, customs and usage. At all relevant times,

15 Defendant CITY was the employer of Defendant OFFICERS, individually and as peace

16 officers.

17   15. Defendant CITY POLICE CHIEF TAMMANY BROOKS ("BROOKS"), at all

18 times mentioned herein, was employed by Defendant CITY as the Chief of Police for the

19 CITY, from May 2017 through October 2021, and was acting within the course and scope of

20 that employment. He is being sued individually and in his official capacity as the Chief of

21 Police for the CITY.  Plaintiffs allege Defendant BROOKS was aware of the openly racist

22 conduct of the police officers he employed, their use of excessive force as set forth herein, the

23 widespread acceptance within the Antioch Police Department of Unconstitutional actions by

24 Antioch police officers as set forth in the instant Complaint, and failed to take any remedial

25 measures, and tolerated, encouraged and ratified the repeated and widespread pattern and

26 practice of Unconstitutional actions by Defendant CITY OF ANTIOCH police officers as set

27 forth herein.

28

16.     Defendant CITY INTERIM POLICE CHIEF TONY MOREFIELD ("MOREFIELD"), at all times mentioned herein, was employed by Defendant CITY as the Interim Chief of Police for the CITY, from October 2021 through May 2022, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as the Interim Chief of Police for the CITY. Plaintiffs allege Defendant MOREFIELD was aware of the openly racist conduct of the police officers he employed, their use of excessive force as set forth herein, the widespread acceptance within the Antioch Police Department of Unconstitutional actions by Antioch police officers as set forth in the instant Complaint, and failed to take any remedial measures, and tolerated, encouraged and ratified the repeated and widespread pattern and practice of Unconstitutional actions by Defendant CITY OF ANTIOCH police officers as set forth herein.

17.     Defendant CITY POLICE CHIEF STEVEN FORD ("FORD"), at all times mentioned herein, was employed by Defendant CITY as the Chief of Police for the CITY, from May 2022 through present, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as the Chief of Police for the CITY. Plaintiffs allege Defendant FORD was aware of the openly racist conduct of the police officers he employed, their use of excessive force as set forth herein, the widespread acceptance within the Antioch Police Department of Unconstitutional actions by Antioch police officers as set forth in the instant Complaint, and failed to take any remedial measures, and tolerated, encouraged and ratified the repeated and widespread pattern and practice of Unconstitutional actions by Defendant CITY OF ANTIOCH police officers as set forth herein.

18.     Defendant OFFICER MATTHEW NUTT ("NUTT") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. NUTT is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. NUTT received numerous hateful text messages from his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas," "niggers,"

1    "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt,"

2    "fat bitch"). Furthermore, NUTT was a recipient of texts in which Defendant Officers bragged

3    about "violating civil rights," "only stopping [people] cuz they black [sic]," and "sometimes

4    just say[ing] people gave me a full confession when they didn't." Despite being a direct

5    witness to this behavior, NUTT never intervened nor reported it to supervisors.

6         19.    Defendant OFFICER JOSH EVANS ("EVANS") at all times mentioned herein,

7    was employed by Defendant CITY as a SERGEANT of the CITY and was acting within the

8    course and scope of that employment. He is being sued individually and in his official capacity

9    as a SERGEANT of the CITY OF ANTIOCH police department. EVANS sent text messages

10   about an unknown subject, detailing plans to "smash in and bite him, 40mm him, and call him

11   a cunt." EVANS referred to Black people as "niggers" numerous times, and in discussing an

12   unknown subject, he once stated: "I'm going to bury that nigger in my fields." His actions are

13   indicative of the defendant officers acting in concert to promote racial bigotry and bias in the

14   Antioch police department. These actions directly led to the damages of the Plaintiffs named

15   herein.

16        20.    Defendant OFFICER ERIC ROMBOUGH ("ROMBOUGH") at all times

17   mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was

18   acting within the course and scope of that employment. He is being sued individually and in his

19   official capacity as an OFFICER of the CITY. ROMBOUGH robbed Plaintiff YOUNG and

20   was involved in the unlawful arrest of Plaintiff TERRY THOMAS. ROMBOUGH is also a key

21   participant in the District Attorney's investigation into the discriminatory text messages sent

22   among Antioch Police Department officers and sergeants. ROMBOUGH sent text messages to

23   other Antioch officers in which he referred to Black people as "niggers," "niggas," "gorillas,"

24   and "monkeys." On other occasions, ROMBOUGH boasted about "violating civil rights" and

25   "only stopping [people] cuz they black [sic]." ROMBOUGH'S actions are indicative of the

26   conspiracy between the officers at the Antioch Police Department. Antioch Police Department

27   officers, including Officer ROMBOUGH, acted in concert to promote racial discrimination by

28

officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

21.    Defendant OFFICER MORTEZA AMIRI ("AMIRI") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. AMIRI is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. AMIRI sent texts to other Antioch officers in which he referred to Black people as "gorillas" and "pussies." He also admitted to serious offenses of falsification, claiming: "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]." AMIRI'S actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers, including Officer AMIRI, acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

22.    Defendant OFFICER SCOTT DUGGAR ("DUGGAR") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. DUGGAR is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. DUGGAR sent text messages to other Antioch officers in which he referred to Black people as "niggas." DUGGAR'S actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers, including Officer DUGGAR, acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

23.    Defendant OFFICER JONATHAN RAMIREZ ("RAMIREZ") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was

acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. RAMIREZ is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. RAMIREZ sent texts to other Antioch officers in which he expressed a desire to "40 that mfr (Thorpe) during the protest today [sic]." This is a reference to the potential use of a .40mm less lethal launcher being utilized on current Antioch Mayor Lamar Thorpe. RAMIREZ also sent numerous text messages in which he called Black people "niggas" and "niggers." RAMIREZ'S actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers, including Officer RAMIREZ, acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

24.    Defendant OFFICER TIMOTHY MANLY WILLIAMS ("MANLY WILLIAMS") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. MANLY WILLIAMS is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. MANLY WILLIAMS received numerous hateful text messages from his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Furthermore, MANLY WILLIAMS was a recipient of texts in which Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz they black [sic]," and "sometimes just say[ing] people gave me a full confession when they didn't." Despite being a direct witness to this behavior, MANLY WILLIAMS never intervened nor reported it to supervisors. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by

1  officers within the ANTIOCH police department. This conspiracy between the officers directly

2  lead to the damages suffered by the Plaintiffs named herein.

3      25.    Defendant OFFICER TOM LENDERMAN ("LENDERMAN") at all times

4  mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was

5  acting within the course and scope of that employment. He is being sued individually and in his

6  official capacity as an OFFICER of the CITY. LENDERMAN is implicated in the District

7  Attorney's investigation into the discriminatory text messages sent among Antioch Police

8  Department officers and sergeants. LENDERMAN received numerous hateful text messages

9  from his fellow CITY OF ANTIOCH police officers about Black people, calling them

10  "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.:

11  "faggot," "pussies," "cunt," "fat bitch"). Furthermore, LENDERMAN was a recipient of texts

12  in which Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz

13  they black [sic]," and "sometimes just say[ing] people gave me a full confession when they

14  didn't." Despite being a direct witness to this behavior, LENDERMAN never intervened nor

15  reported it to supervisors. Defendant's actions are indicative of the conspiracy between the

16  officers at the Antioch Police Department. Antioch Police Department officers acted in concert

17  to promote racial discrimination by officers within the ANTIOCH police department. This

18  conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named

19  herein.

20      26.    Defendant OFFICER LOREN BLEDSOE ("BLEDSOE") at all times

21  mentioned herein, was employed by Defendant CITY as a SERGEANT of the CITY and was

22  acting within the course and scope of that employment. He is being sued individually and in his

23  official capacity as a SERGEANT of the CITY. BLEDSOE is implicated in the District

24  Attorney's investigation into the discriminatory text messages sent among Antioch Police

25  Department officers and sergeants. BLEDSOE received numerous hateful text messages from

26  his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas,"

27  "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot,"

28  "pussies," "cunt," "fat bitch"). Furthermore, BLEDSOE was a recipient of texts in which

Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz they black [sic]," and "sometimes just say[ing] people gave me a full confession when they didn't." BLEDSOE was a member of these group text chats, and by refusing to intervene and halt the heinous behavior of fellow officers, BLEDSOE failed to perform his supervisory duties. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

27.   Defendant OFFICER THOMAS SMITH ("THOMAS SMITH") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. THOMAS SMITH is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. THOMAS SMITH sent text messages to other Antioch officers in which he referred to Black people as "niggas" and to women as "bitches." Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

28.   Defendant OFFICER CALVIN PRIETO ("PRIETO") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. PRIETO is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. PRIETO sent text messages to other Antioch officers in which he referred to Black people as "niggas" and to women as "bitches." Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within

the ANTIOCH police department. This conspiracy between the officers directly lead to the

damages suffered by the Plaintiffs named herein.

29.    Defendant OFFICER ANDREA RODRIGUEZ ("RODRIGUEZ") at all times

mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was

acting within the course and scope of that employment. She is being sued individually and in

her official capacity as an OFFICER of the CITY. RODRIGUEZ is a key subject of the District

Attorney's investigation into the discriminatory text messages sent amongst Antioch Police

Department officers and sergeants. RODRIGUEZ sent text messages agreeing to target Black

people for traffic citations, stating that it "will be easy" and "a good time." Defendant's actions

are emblematic of the conspiracy between the officers at the Antioch Police Department.

Antioch Police Department officers acted in concert with one another to patrol and effectuate

arrests in the City of Antioch in a racially discriminatory manner. This conspiracy between the

officers directly lead to the damages suffered by the Plaintiffs named herein.

30.    Defendant OFFICER JONATHAN ADAMS ("ADAMS") at all times

mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was

acting within the course and scope of that employment. He is being sued individually and in his

official capacity as an OFFICER of the CITY. ADAMS is a key participant in the District

Attorney's investigation into the discriminatory text messages sent among Antioch Police

Department officers and sergeants. ADAMS sent text messages to other Antioch officers in

which he referred to Black people as "niggers" and joked about all Black people looking the

same. Defendant's actions are emblematic of the conspiracy between the officers at the

Antioch Police Department. Antioch Police Department officers acted in concert to promote

racial discrimination by officers within the ANTIOCH police department. This conspiracy

between the officers directly lead to the damages suffered by the Plaintiffs named herein.

31.    Defendant OFFICER DEVEN WENGER ("WENGER") at all times mentioned

herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within

the course and scope of that employment. He is being sued individually and in his official

capacity as an OFFICER of the CITY. WENGER is implicated in the District Attorney's

investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. WENGER received numerous hateful text messages from his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Furthermore, WENGER was a recipient of texts in which Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz they black [sic]," and "sometimes just say[ing] people gave me a full confession when they didn't." Despite being a direct witness to this behavior, WENGER never intervened nor reported it to supervisors. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

32.    Defendant OFFICER DANIEL HARRIS ("HARRIS") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. HARRIS is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. HARRIS received numerous hateful text messages from his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Furthermore, HARRIS was a recipient of texts in which Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz they black [sic]," and "sometimes just say[ing] people gave me a full confession when they didn't." Despite being a direct witness to this behavior, HARRIS never intervened nor reported it to supervisors. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

33.    Defendant OFFICER ROBERT GERBER ("GERBER") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. GERBER is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. GERBER sent text messages containing photos of gorillas and referring to Black people as "fag[s]" to other Antioch officers. GERBER also received numerous hateful text messages from his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Furthermore, GERBER was a recipient of texts in which Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz they black [sic]," and "sometimes just say[ing] people gave me a full confession when they didn't." Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

34.    Defendant OFFICER KYLE HILL ("HILL") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. HILL was involved in the arrest of Plaintiff TERRY THOMAS. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

35.    Defendant OFFICER MARCOTT ("MARCOTT") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. MARCOTT was involved in the arrest of Plaintiff

1   SUITTER. Defendant's actions are indicative of the conspiracy between the officers at the

2   Antioch Police Department. Antioch Police Department officers acted in concert to promote

3   racial discrimination by officers within the ANTIOCH police department. This conspiracy

4   between the officers directly lead to the damages suffered by the Plaintiffs named herein.

5       36.    Defendant OFFICER ARRON HUGHES ("HUGHES") at all times mentioned

6   herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within

7   the course and scope of that employment. He is being sued individually and in his official

8   capacity as an OFFICER of the CITY. HUGHES was involved in the arrest of Plaintiff

9   HILLARD. Defendant's actions are indicative of the conspiracy between the officers at the

10  Antioch Police Department. Antioch Police Department officers acted in concert to promote

11  racial discrimination by officers within the ANTIOCH police department. This conspiracy

12  between the officers directly lead to the damages suffered by the Plaintiffs named herein.

13      37.    Defendant OFFICER RYAN GEIS ("GEIS") at all times mentioned herein, was

14  employed by Defendant CITY as an OFFICER of the CITY and was acting within the course

15  and scope of that employment. He is being sued individually and in his official capacity as an

16  OFFICER of the CITY. GEIS was involved in the arrest of Plaintiff YARBOROUGH.

17  Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police

18  Department. Antioch Police Department officers acted in concert to promote racial

19  discrimination by officers within the ANTIOCH police department. This conspiracy between

20  the officers directly lead to the damages suffered by the Plaintiffs named herein.

21      38.    Defendant Antioch Police Department Officer MOORE ("OFFICER MOORE")

22  at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY

23  and was acting within the course and scope of that employment. He is being sued individually

24  and in his official capacity as an OFFICER of the CITY. MOORE was involved in the arrest of

25  Plaintiff MCCULLOUGH. Defendant's actions are indicative of the conspiracy between the

26  officers at the Antioch Police Department. Antioch Police Department officers acted in concert

27  to promote racial discrimination by officers within the ANTIOCH police department. This

28

conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

39.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 100 inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1-100, inclusive, when they have been ascertained.

## **FACTUAL ALLEGATIONS**

40.     Plaintiffs are informed and believe and thereon allege that DEFENDANTS NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and each of them, individually and/or acting in concert with one another, as well as other CITY OF ANTIOCH Police Officers (Does 1-100) engaged in a repeated pattern and practice of civil rights violations and other misconduct against citizens living, traveling, or visiting the Antioch neighborhoods where they were assigned.  Each Plaintiff is likely to suffer a recurrence of the alleged violations of civil rights, or similar violation of civil rights, committed by police officers employed by Defendant CITY OF ANTIOCH.

41.     Plaintiffs are further informed and believe and thereon allege that said civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, false imprisonment, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct.

42.     Plaintiffs are further informed and believe and thereon allege that said misconduct included, but was not limited to, subjecting people living, visiting, and/or traveling in Antioch neighborhoods to disparate treatment because of their race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by DEFENDANTS NUTT, EVANS, ROMBOUGH, AMIRI,

DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and/or City of Antioch police officers (Does 1-100).

43.    Plaintiffs are further informed and believe and thereon allege that despite the repeated and frequent nature of the misconduct and civil rights violations committed by Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL and DOES 1-100, high ranking CITY OF ANTIOCH officials and/or police department supervisors, including but not limited to, BROOKS, MOREFIELD, FORD, EVANS, BLEDSOE, DOES 1-100, and each of them, individually and/or acting in concert with one another, failed to take any or appropriate remedial action prior to the subject incidents involving the Plaintiffs. As a result, DEFENDANTS engaged in repeated and serious acts of misconduct and civil rights violations against citizens living, visiting, and/or traveling in Antioch.

44.    Plaintiffs are informed and believe and thereon allege that as a matter of official policy—rooted in an entrenched posture of deliberate indifference to the constitutional rights of black and brown people who live, visit, and/or travel within Antioch in particular—Defendant CITY OF ANTIOCH has long allowed Plaintiffs and persons similarly situated to them, to be abused by its police officers, including by DEFENDANTS NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL and/or other CITY OF ANTIOCH Police Officers (DOES-100).

45.    Plaintiffs are informed and believe and thereon allege that plaintiffs, and each of them, suffered the violation of their constitutional rights as a result of customs, policies, patterns and/or practices of Defendant CITY OF ANTIOCH, Defendants BROOKS, MOREFIELD, FORD, DOES 1-100, and each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training, and discipline of members of the Antioch Police Department, including Defendant NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY

WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ,
ADAMS, WENGER, HARRIS, GERBER, HILL and/or DOES 1-100, and/or each of them.

**SHAQUILLE HILLARD**

46.    In September 2022, Antioch PD officers including Officers ARRON HUGHES, and MORTEZA AMIRI, stopped HILLARD on Pepper Tree and Sycamore in Antioch, and searched his car.  They found nothing, however, they illegally confiscated HILLARD'S phone. Concurrent with this incident, CITY OF ANTIOCH officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). These actions by officers show a conspiracy within the ANTIOCH police department by ANTIOCH officers to act in concert to illegally detain, search, assault, and wrongfully arrest people based on racial bias and discrimination.. This conspiracy to act with discrimination within the ANTIOCH police department directly lead to officers wrongfully detaining and searching Mr. Hillard, and confiscating his phone.

47.    As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted and prosecuted Mr. HILLARD, and that Defendant Officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. HILLARD withstood ongoing humiliation, physical pain and suffering, and associated emotional distress corresponding to the text message scandal. HILLARD was previously searched by the same group of officers in multiple incidents between January of 2020 and September of 2022, during which Antioch officers beat HILLARD (April, 2020), took cash from HILLARD, and accused HILLARD of being part of a gang. Additionally, Antioch PD turned HILLARD over to Oakland gang task force officers, who then interrogated HILLARD about a shooting in 2021.

48.    All charges were dropped against HILLARD in June 2023.

**DANYEL EARL LACY**

49.    In April, 2022 at around 2:00 P.M. at 1600 Buchanan Road Antioch, CA, Antioch police officers wrongfully arrested DANYEL EARL LACY for a gun charge. Antioch

1 Officers, including officers ERIC ROMBOUGH, TIM MANLY, and ARRON HUGHES,

2 began to search a car that did not belong to Lacy. The officers claimed they discovered a gun

3 inside of the car. The officers then falsely accused Mr. Lacy of illegal possession of a firearm.

4 Lacy stated that the gun was not his. The officers arrested Mr. Lacy.  These actions by officers

5 show a conspiracy within the ANTIOCH police department by ANTIOCH officers to act in

6 concert to illegally detain, search, assault, and wrongfully arrest people based on racial bias

7 and discrimination. This conspiracy to act with discrimination within the ANTIOCH police

8 department directly lead to officers wrongfully detaining, searching, and arresting Mr. Lacy.

9       50.     As a result, Lacy was arrested. Mr. Lacy was charged with illegal possession of a

10 firearm. He spent three months in jail. Mr. Lacy, who was unaware of any gun being in the

11 vehicle, never possessed the gun, and made clear to defendants that neither the car, nor the gun,

12 were his. Though defendants were able to confirm that the vehicle was not owned by Mr. Lacy,

13 they arrested him anyway.  Plaintiffs allege defendants arrested Mr. Lacy either having

14 fabricated that a gun was found in the vehicle (without probable cause and with malice), or

15 refusing to investigate Mr. Lacy's contentions of innocence with respect to being unaware of the

16 alleged presence of the gun in the vehicle.

17       51.     All the charges were dismissed in August 2023.

18       **KAYCEE SUITTER**

19       52.     On December 19, 2022, several Antioch Police Department officers who were

20 motivated by racial bias (including but were not limited to Defendant Officers MARCOTT,

21 SMITH and RODRIGUEZ) encountered SUITTER in a parking garage. There, the officers

22 handcuffed and detained SUITTER, subjected her to a search of her person and the vehicle,

23 and arrested her. Concurrent with SUITTER's arrest, multiple CITY OF ANTIOCH officers

24 sent numerous text messages about Black people, calling them "gorillas," "niggers,"

25 "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt,"

26 "fat bitch"). These actions by officers show a conspiracy within the ANTIOCH police

27 department by ANTIOCH officers to act in concert to illegally detain, search, assault, and

28 wrongfully arrest people based on racial bias and discrimination. This conspiracy to act with

1  discrimination within the ANTIOCH police department directly lead to officers wrongfully

2  detaining, searching, and arresting Ms. SUITTER.

3       53.    The text messages discovered in April 2023 imply that the Antioch Police

4  Department maliciously and unfairly targeted and prosecuted Ms. SUITTER, and that

5  Defendant Officers' behavior stemmed from the discriminatory and violent culture of the

6  Antioch Police Department. Moreover, Ms. SUITTER withstood humiliation, physical injury,

7  financial and property loss, and associated emotional distress corresponding to the text

8  message scandal. Ms. SUITTER spent eight days in jail and missed her first day at a new job,

9  resulting in the loss of employment and opportunity.

10       54.    All charges against SUITTER were dismissed on December 27, 2022.

11  **MARCELL LEWIS**

12       55.    The incident took place on November 15, 2020. The time was approximately

13  8:00 A.M. The location was Sycamore Drive and L Street Antioch, CA 94509. Antioch police

14  officers Morteza AMIRI, Doe One, and Doe Two wrongfully arrested LEWIS.

15       56.    Mr. LEWIS exited a store. Officer AMIRI approached LEWIS. AMIRI told Mr.

16  LEWIS that he had been accused of selling drugs. LEWIS said that he was not selling drugs.

17  Officer AMIRI restrained Mr. LEWIS. Officer Doe One took LEWIS'S bag and wallet. Amiri

18  handcuffed Mr. Lewis. Officer Doe Two began to search Lewis's car. Officer Doe Two found

19  an ounce of weed, which was lawfully possessed by Mr. Mr. LEWIS. Officer Amiri arrested

20  Mr. Lewis. Amiri transported Lewis to jail.

21       57.    As a result, Mr. Lewis was charged with intent to sell. The charge was dropped

22  on June 15, 2023. Lewis suffered lost wages on the days that he had to dispute the charge in

23  court. Mr. Lewis sustains emotional distress.

24  **GREGORIO YARBOROUGH**

25       58.    The incident took place on August 15, 2023. The time was approximately 3:00

26  A.M. The location was 5004 Union Mine Drive Antioch, CA 94531. Antioch police officer

27  RYAN GEIS shot Gregorio YARBOROUGH multiple times using rubber bullets.

28       59.    Mr. YARBOROUGH was standing near his girlfriend's house. Officer GEIS

ordered Yarborough to raise his hands and lie on his stomach. Mr. Yarborough complied with
GEIS's instructions. Yarborough did not have any weapons. Mr. Yarborough asked why
Officer GEIS stopped him. GEIS did not respond. Officer GEIS shot Yarborough twice in the
back using 40mm less lethal rounds. GEIS arrested Mr. Yarborough.

60.     As a result, Mr. Yarborough suffered from contusions and bruised ribs. Officer
GEIS arrested Yarborough for criminal threats, obstruction of a police officer, and violation of
a peaceful contact order. The charges were dropped on September 29, 2023. While in custody,
Mr. Yarborough was unable to financially provide for his family. Yarborough spent additional
money on necessary phone calls and commissary. Mr. Yarborough sustained emotional
distress, physical pain and suffering, physical injuries, medical expenses, and impaired earning
capacity.

**QUINCY MASON**

61.     The incident took place in June 2022. The time was approximately 5:00 P.M.
The location was 806 W. 7th Street, Antioch, CA 94509. Antioch police officers assaulted and
harassed Quincy Mason.

62.     In June 2022, Mr. Mason was driving. He stopped at a stop sign. Defendant
officer DOES drove behind Mason. Mr. Mason drove a few more blocks. Officers turned on
their sirens. Mason got out of the car. While his hands were up, Defendant officers tased Mr.
Mason. Once on the ground, Officers allowed the K9 to attack Mason. While on the ground,
Mr. Mason begged the officers to get the K9. Officers failed to stop the attack. The defendant
officers placed Mason in handcuffs. He was taken to the Antioch Police Department and then
released.

63.     During a previous police contact on December 7, 2020, defendant Officer
Rombough texted Sgt. Evans. Rombough's messages stated, "Yeah buddy, I was bummed that
beast was so fat cuz he didn't bruise up very fast." Evans replied, "It never looks as good on
black guys."  In November 2021, defendant officer Rombough sent another text admitting "I'm
only stopping them cuz they black." He then followed by saying "Fuck them kill each other."
These actions by officers show a conspiracy within the ANTIOCH police department by

1    ANTIOCH officers to act in concert to illegally detain, search, assault, and wrongfully arrest

2    people based on racial bias and discrimination. This conspiracy to act with discrimination

3    within the ANTIOCH police department directly lead to officers wrongfully detaining,

4    searching, and arresting Mr. Mason, and subjected him to unreasonable force.

5         64.    As a result, Mr. Mason suffered from racial profiling and harassment. Mason

6    also suffered unreasonable force from the dog bite wounds and was arrested without probable

7    cause.

8    **TAHJAY MCCULLOUGH**

9         65.    The incident took place on November 10, 2020. The time was approximately

10   11:00 A.M. The location was the Shell Gas Station located at 2838 Lone Tree Drive, Antioch,

11   CA 94509. Antioch police officers Calvin Prieto, Andrea Rodriguez and others assaulted

12   Tahjay McCullough.  The arrest was motivated by racial animus.  McCulough was a 16-year

13   old minor at the time.

14        66.    On the above-date, Mr. McCullough was a passenger in the backseat of a

15   parked car at a gas pump.  Defendants Prieto, Rodriquez and other officers pulled McCullough

16   out of the backseat. The officers handcuffed him.  Then, they slammed McCullough face-first

17   to the ground. They immediately kicked and punched the minor.  During the beating, officers

18   PRIETO and RODRIGUEZ used racially derogatory terms.  The racial epithets included but

19   are not limited to "the 'N' word" and "black Gorilla".

20        67.    As a result of the actions of Prieto, Rodriguez and other officers, Mr.

21   McCullough was subjected to severe excessive force accompanied by extraordinary racist

22   language that might be at home in the Southern culture depicted in the movie Mississippi

23   Burning .  Moreover, he suffered from wounds and bruises to his face. McCullough remained

24   in custody at Martinez Juvenile detention. McCullough is currently facing multiple criminal

25   charges stemming from the arrest.

26        68.    On March 27, 2023, the Contra Costa County District Attorney's office

27   produced a report regarding racist text messages exchanged between Antioch police officers.

28   In one entry, on June 10, 2020, Prieto and Rodriguez "blame[d] the blacks" for all the crime in

the area. (Pg. 10 DA Report). In another entry, on September 9, 2020, Prieto and Rodriguez used text messages their plans to target specific groups, implying blacks and Latinos, for traffic citations.  (Pg, 12 DA Report).  The last page of the report provides data regarding Prieto and Rodriguez's arrest statistics between September 2020 and October 2020. (Pg. 20 DA Report). These statistics demonstrate that the officers targeted blacks and Latinos.  The largest percentage of their arrests were of black people. This discrimination directly led to the wrongful arrest of MCCULLOUGH.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(All Plaintiffs Against Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, GEIS, and DOES 1 - 100)**

69.    The foregoing allegations are realleged and incorporated herein.

70.    In doing the acts complained of herein, Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.    The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.    The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

71.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(*Monell* - 42 U.S.C. § 1983)**
**(All Plaintiffs Against Defendant CITY, BROOKS, MOREFIELD, FORD, BLEDSOE and DOES 1-100)**

72.    The foregoing allegations are realleged and incorporated herein.

73.    As against Defendant CITY OF ANTIOCH and/or Defendants BROOKS, MOREFIELD, FORD, BLEDSOE, and/or DOES 1-100 in their capacity as official policy-maker(s) for the CITY OF ANTIOCH, the Plaintiffs, and each of them, further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF ANTIOCH Police Department tantamount to a custom, policy, or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

74.    Upon information and belief, Plaintiffs further allege that numerous African Americans were systematically physically and verbally harassed by members of the CITY OF ANTIOCH Police Department when they were stopped for "walking while black" or "driving while black" without probable cause or reasonable suspicion, searched without consent, and verbally abused. Plaintiffs further allege that Defendant CITY OF ANTIOCH Police Department encouraged, condoned, and ratified its police officers long-standing, deep-rooted racist and misogynistic actions, statements, and conduct as illustrated by the vile and despicable text messages described herein, which were circulated amongst nearly half of the Police Department, including some supervising and command staff.  In spite of legal obligations to report the conduct admitted to in the text messages, and to also report the racist and misogynistic statements themselves to command staff, Plaintiffs allege the text messages went unreported and were only discovered by the F.B.I. secondary to an investigation of a steroid distribution ring in the ANTIOCH Police Department.  The messaging was so widespread that ANTIOCH Police Department command staff must have known of the actions and attitudes reflected in the widely-shared text messages, but looked the other way.

75.    Plaintiffs are further informed and believe and thereon allege that the acts alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, BROOKS, MOREFIELD, FORD, BLEDSOE, DOES 1-100, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged, or condoned by the CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, BLEDSOE, DOES 1-100, and each of them.

76.    The injuries to the Plaintiffs, and each of them, were the foreseeable and proximate result of said customs, policies, patterns, and/or practices of Defendants CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, BLEDSOE, DOES 1-100, and each of them. This conduct was condoned and ratified, by Antioch Police Department Supervisors, and there was no discipline against any of the named defendant officers for their conduct.

77.    Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision, and/or discipline of members of the CITY OF ANTIOCH Police Department.

78.    Plaintiffs are further informed and believe and thereon allege that Plaintiffs' damages and injuries were caused by the customs, policies, patterns, or practices of the CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, BLEDSOE, DOES 1-100, and each of them, of deliberate indifference in the training, supervision, and/or discipline of Antioch Police Officers including, but not limited to, NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, DOES 1-100, and/or each of them.

79.    The aforementioned customs, policies, or practices of Defendants CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, DOES 1-100, and each of them, resulted in the deprivation of Plaintiffs' connotational rights including, but not limited to, the following:

a.    The right to be free from excessive and unnecessary police use of force;

b.    The right to a Familial Relationship.

c.    The right to be free from Racial Bias in the conduct of Antioch police officers in violation of 42. U.S.C. section 1981.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(42 U.S.C. § 1985-86 – Conspiracy To Violate Civil Rights)**
**(All Plaintiffs Against Defendants CITY, BROOKS, MOREFIELD, FORD, NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN,**

**BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, GEIS, and DOES 1 - 100)**

80.    The foregoing allegations are realleged and incorporated herein.

81.    The collective actions by Defendant officers named herein show a conspiracy within the ANTIOCH police department by ANTIOCH officers to violated Plaintiffs' Civil Rights by acting in concert to illegally detain, search, assault, wrongfully arrest people, subject people to malicious prosecution, and discriminate against the citizenry based on their race, ethnicity, and gender. This conspiracy to deprive the Plaintiffs of their legal and constitutional rights within the ANTIOCH police department directly lead to officers within the department to deprive people of the constitutional rights and to act with discrimination and racial bias when interacting with people. This deprivation of constitutional rights, bias and discrimination directly lead to the Plaintiffs suffering from damages stemming from the wrongful acts committed by the defendant officers against the Plaintiffs.

82.    In doing the acts complained of herein, Defendants CITY, BROOKS, MOREFIELD, FORD, NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and/or DOES 1-100, individually and/or while acting in concert with one another, conspired for the purpose of depriving Plaintiffs and/or persons similarly situated to Plaintiffs, either directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws as alleged in this complaint in violation of 42 U.S.C. § 1985.

83.    Plaintiffs are further informed and believe and thereon allege that Defendant CITY OF ANTIOCH, Defendants BROOKS, MOREFIELD, FORD, EVANS, BLEDSOE, DOES 1-100, and each of them, had the power to stop and/or aid in preventing the conspiracy and/or conspiracies by Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, DOES 1-100, and/or each of them, as alleged herein, but instead maintained customs, policies, and/or practices which

encouraged, authorized, condoned, ratified, failed to prevent, and/or failed to aid in the prevention of the wrongs conspired to be done by Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, DOES 1-100, and/or each of them.

84.    As a result of the failure and/or refusal of Defendants BROOKS, MOREFIELD, FORD, EVANS, BLEDSOE, DOES 1-100, and each of them, to prevent or aid in preventing the commission of the conspiracy and/or conspiracies by Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and DOES 1-100, Plaintiffs and persons similarly situated to them are entitled to recover damages in amounts to be determined according to proof.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1981)
**(Against Defendants CITY, BROOKS, MOREFIELD, FORD, NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, GEIS, and DOES 1 - 100)**

85.    The foregoing allegations are realleged and incorporated herein.

86.    In doing the acts complained of herein, Defendants CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and/or DOES 1-100, individually and/or while acting in concert with one another, engaged in a pattern and practice of discriminatory conduct towards minority communities by subjecting them to more frequent and aggressive policing than similarly situated individuals of a different race, by using racial slurs, excessive force, and harassment tactics, and by denying them the same level of protection and services afforded to individuals of a different race. These civil rights violations and/or

misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender.

87.   Plaintiffs are further informed and believe and thereon allege that said misconduct included, but was not limited to, subjecting people living, visiting, and/or traveling in Antioch neighborhoods to disparate treatment because of their race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants CITY, NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and/or CITY OF ANTIOCH Police Officers (Does 1-100).

88.   Plaintiffs are informed and believe and thereon allege that as a matter of official policy—rooted in an entrenched posture of deliberate indifference to the constitutional rights of Black people who live, visit, and/or travel within Antioch in particular—Defendant CITY OF ANTIOCH has long allowed Plaintiffs and persons similarly situated to them, to be abused by its police officers, including by DEFENDANTS NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and/or other CITY OF ANTIOCH Police Officers (DOES-100).

89.   Plaintiffs are further informed and believe and thereon allege that despite the repeated and frequent nature of the misconduct and civil rights violations committed by Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and DOES 1-100, high ranking CITY OF ANTIOCH officials and/or police department supervisors, including but not limited to, BROOKS, MOREFIELD, FORD, EVANS, BLEDSOE, DOES 1-100, and each of them, individually and/or acting in concert with one another, failed to take any or appropriate remedial

1   action prior to the subject incidents involving the Plaintiffs. As a result, Defendants engaged in

2   repeated and serious acts of misconduct and civil rights violations against citizens living,

3   visiting, and/or traveling in Antioch.

4          90.    Plaintiffs are informed and believe and thereon allege that plaintiffs, and each of

5   them, suffered the violation of their constitutional rights as a result of customs, policies, patterns

6   and/or practices of Defendant CITY OF ANTIOCH, Defendants BROOKS, MOREFIELD,

7   FORD, EVANS, BLEDSOE, DOES 1-100, and each of them, including, but not limited to,

8   deliberate indifference in the hiring, supervision, training, and discipline of members of the

9   Antioch Police Department, including Defendants NUTT, EVANS, ROMBOUGH, AMIRI,

10  DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH,

11  PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and/or DOES 1-100,

12  and/or each of them. Therefore, Plaintiffs also seek relief against the Defendants for their failure

13  to take reasonable steps to prevent and remedy the discriminatory conduct of its officers.

14         91.    Plaintiffs further allege that the conduct of Defendants CITY OF ANTIOCH,

15  BROOKS, MOREFIELD, FORD, NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR,

16  RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO,

17  RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and/or DOES 1-100 has

18  caused them to suffer damages, including but not limited to physical harm, emotional distress,

19  and/or injury to reputation. Plaintiffs seek relief in the form of compensatory damages, punitive

20  damages, injunctive relief, and any other relief that the court deems just and proper under the

21  circumstances.

22         WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

23  **FIFTH CAUSE OF ACTION**
**(42 U.S.C. § 1981 - Malicious Prosecution)**
**(All Plaintiffs against Defendants AMIRI, MARCOTT, SMITH, RODRIGUEZ,
ROMBOUGH, MANLY, HUGHES, GEIS, and DOES 1 - 100)**

26         92.    The foregoing allegations are realleged and incorporated herein.

27         93.    Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants

28  arrested each of the named plaintiffs without probable cause to arrest them.

94.     The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

95.     Each of the Plaintiffs resolved the actions against them. Plaintiffs ultimately resolved the actions in their favors.

96.     Plaintiffs suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.     For general damages according to proof;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, and DOES 1-100, or each of them;

4.     Any and all permissible statutory damages;

5.     For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.     For cost of suit herein incurred;

7.      For injunctive relief, including necessary policy and practice changes to Defendant CITY OF ANTIOCH'S police department and Court Monitoring to ensure compliance with such necessary policy and practice changes ; and

8.      For such other and further relief as the Court deems just and proper.

Dated: December 20, 2023                    **Burris Nisenbaum Curry and Lacy, LLP**


                                            _/s/ John L. Burris_
                                            John L. Burris
                                            Benjamin Nisenbaum
                                            James Cook
                                            Attorneys for Plaintiffs